## Provisional Employes in Department of Labor and Industry

MARGIOTTI, Attorney General, April 11, 1938.—We have your request for advice as to the legality of the present employment of provisional employes by the Division ·of Unemployment Compensation of the Department of Labor and Industry, as distinguished from civil service employes.

You inquire whether you may legally continue the payment of wages and salaries to such provisional employes, who have not been appointed under the civil service provisions of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897.

Your inquiry undoubtedly arises under section 208 of the Unemployment Compensation Law, supra, which provides that the employes required to administer the law shall be appointed on the basis of merit, as determined by competitive examinations.

Under the provisions of that section, the Secretary of Labor and Industry, by rules and regulations, is required to classify the various positions required for the admin-

istration of the act; to establish reasonable grades in each class; to prescribe a salary range for each grade; and to prescribe the qualifications to be possessed by persons desiring employment in the various grades. The qualifications are required to be such as will best permit the most efficient administration of the act.

Persons desiring employment are required to file an application with the Unemployment Compensation Board of Review, a departmental administrative board within the Department of Labor and Industry.

The board is required to conduct competitive examinations for applicants. Examination papers are required to be marked by a committee designated by the board, with the approval of the Governor, consisting of school teachers in this Commonwealth. The board is required to certify to the Secretary of Labor and Industry lists of names of persons receiving a passing mark, and to rank such persons in the order of magnitude commensurate with the highest rating for the specified grade of employment. The Secretary of Labor and Industry is required to request lists of eligibles to be certified to him by the board, and to make appointments therefrom.

We are advised that since August 1937 thirty-five competitive examinations have been held; that approximately 55,000 persons took the examinations; that, notwithstanding this fact, between 4,500 and 5,000 provisional employes are still employed by the Division of Unemployment Compensation; and that, to date, only 136 of the applicants who qualified for positions by examination have been appointed.

Paragraph (c) of section 208 of the Unemployment Compensation Law, supra, is particularly involved in your inquiry, and reads as follows:

"(c) Until such time as the board certifies lists of eligibles for any grade of employment, but in no event later than January first, one thousand nine hundred thirty-eight, the secretary is hereby authorized to make provisional appointments, without examinations, in such

grades of employment for which no lists of eligibles have been certified, provided that a person so appointed shall cease to be so employed within thirty days after a list of eligibles has been certified by the board to the secretary for the grade of employment in which he or she is employed, unless reappointed from such list of eligibles as provided in this section."

Under the provisions of the above paragraph, it is clear that, prior to January 1, 1938, the Secretary of Labor and Industry was authorized to make provisional appointments to any grade of employment for which the Unemployment Compensation Board of Review had not certified a list of eligibles, and that, under no circumstances, could provisional appointments be made by the Secretary of Labor and Industry after January 1, 1938. The act does not specify a definite time for the complete inauguration of civil service. However, the intention and expectation of the legislature as to when civil service should go into full force and effect is manifest.

The obvious purpose of paragraph (c) was to specify a deadline for the complete inauguration of the civil service system, and at the same time provide for the administration of the act by provisional employes prior to that time. The act became effective December 5, 1936. The legislature allowed approximately 13 months for the complete inauguration of the civil service system prescribed in the law.

As we have indicated, the power of the Secretary of Labor and Industry to make provisional appointments expired January 1, 1938. The question immediately presents itself whether the employment of provisional employes appointed prior to that date may lawfully continue until lists of eligibles are certified by the Unemployment Compensation Board of Review. In this connection, it should be noted that the law provides that the employment of provisional employes in a particular grade of employment expires within 30 days after a list of eligibles

for that grade has been certified to the secretary by the board.

Reading section 208 as a whole, we are of the opinion that the legislature clearly intended that all provisional employment should cease 30 days after January 1, 1938, or on January 31, 1938, and that it was incumbent on the secretary to request the board to certify lists of eligibles for all grades of employment not later than January 1, 1938, in order to effectuate this obvious purpose of the legislature. The legislature intended that the transition from provisional employment to civil service employment should take place as quickly as possible. It did not intend that no effort should be made to certify lists of eligibles until January 1, 1938. On the contrary, the legislature intended that, beginning with the effective date of the act, the Secretary of Labor and Industry and the Unemployment Compensation Board of Review should immediately begin to make an honest and efficient attempt to promulgate the civil service examinations and appointments, in order to effect a complete transition from provisional employment to civil service employment by January 1, 1938.

In other words, it is our opinion that the section under consideration requires the Unemployment Compensation Board of Review to certify lists of eligibles for each grade of employment no later than January 1, 1938. Any other construction of the act would place in the hands of a dishonest or politically-minded secretary or board the power completely to nullify the provisions of the law requiring civil service. It would enable such officials to continue political appointees in office indefinitely. Such an interpretation would do violence to the intent of the legislature.

We are advised by the chairman of the Unemployment Compensation Board of Review and the Secretary of Labor and Industry that, inasmuch as examinations were not held until August 1937, which examinations were completed in December 1937, it was impossible to comply

fully with the civil service requirements of the law by January 1, 1938. The board failed to hold such examinations until a time when it was manifestly impossible to comply with the law and have all certifications made by January 1, 1938.

The underlying purpose of civil service laws, and the regulations adopted pursuant thereto, is to establish fitness and efficiency as the basis upon which appointments are made in the public service, and to eliminate the making of appointments based primarily upon political considerations, which usually result in inefficiency and extravagance in the public service.

As was stated in 5 R. C. L. 608:

"The civil service laws, a recent development in government, were designed to eradicate the system of making appointments primarily from political considerations with all its attendant evils of inefficiency and extravagance, and in its place to establish a merit system of fitness and efficiency as the basis upon which appointments to the civil service should be made. Such laws substitute for the uncontrolled will of the appointing officer the results of competitive examinations, and require that appointments to office be made from among those who have shown themselves by examination to be best qualified for positions in the civil service, and, as might be supposed, result generally in improvement in the public service from the experience and proficiency acquired through merit, and in a tenure of office which is independent of political favor."

In view of the humanitarian principles behind the Unemployment Compensation Law, and the function that this law is designed to perform, it is of the highest importance that it be administered as effectively as possible. The legislature recognized this necessity and incorporated the civil service provisions into the law in order to effectuate this type of administration. The legislative intention is plain, and no interpretation may be placed upon the law to defeat this purpose.

Not only has the law been disregarded, but also the rights of the 55,000 persons who took the examinations and those of that number who passed them.

"Civil service laws, and regulations adopted pursuant thereto, are regarded not merely as limitations upon the appointing power, *but also as conferring rights upon those who have passed the required examinations, of which rights they may not be deprived by the action of administrative officers taken in violation of such laws and regulations"*: 46 C. J. 957, sec. 76. (Italics supplied.)

In view of the foregoing, it follows that the employment of provisional employes should have ceased as of February 1, 1938. Accordingly, replacement of provisional employes by civil service employes should be effectuated immediately by the Secretary of Labor and Industry and the Unemployment Compensation Board of Review.

Although the employment of provisional employes at the present time is unlawful, nevertheless, because of the failure of the proper authorities to comply with the law, lists of eligible appointees are not available at the present time. Therefore, in order that the Unemployment Compensation Law may be administered, it is necessary to continue this unlawful employment. However, such employment should be terminated as soon as possible.

Provisional employes who have continued in employment are in the nature of de facto employes, and, as such, they are entitled to be paid for services actually rendered by them, and may be paid for such services until they are promptly replaced by civil service employes.

Accordingly, you are advised that, under the provisions of paragraph (c) of section 208 of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, provisional employes should have been replaced by civil service employes not later than January 31, 1938, and, to the extent such replacement has not already been made, it should be effected immediately. Provisional em-

ployes who have continued in employment since January 31, 1938, are in the nature of de facto employes, and are entitled to the compensation they have earned since that time and to any compensation which they may earn until they are replaced by civil service employes as expeditiously as possible.